IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 77-000112-KD |
| | ) |
| ROBERT LEE WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the Motion for Appointment of Counsel filed by defendant Robert Lee Williams (doc. 1).[1] Williams is currently serving a state sentence of life with parole possible, which was imposed on October 2, 1986.[2] He is incarcerated at the Fountain Correctional Facility in Atmore, Alabama. (Doc. 1, p. 6) Williams moves the Court for appointment of a Federal Defender to assist him with obtaining the release of a federal detainer that was issued against him in 1987, after his federal probation was revoked and he was sentenced to three years.

Williams alleges that the federal detainer is "adversely affecting his rights and privileges under state custody such as parole, custody level reduction, work & community release, and rehab. programs." (Doc. 1, p. 2) He also alleges that the "issues, grounds for relief and proper judicial procedures are complexed (*sic*) and require the skills of professional, competent

---

[1] Williams' motion for status report (doc. 2) is MOOT.

[2] Williams provides the Court with a copy of his Inmate Summary (doc. 1, p. 6). On June 16, 1986, Williams was sentenced to fifteen years for Burglary III. On October 2, 1986, he was sentenced to life with the possibility of parole for murder. The summary indicates that the sentences are to be served consecutive. For purposes of this motion, the Court assumes that Williams has completed his fifteen-year sentence and is now serving his life with parole possible sentence.

counsel." (*Id.*) Williams then cites 28 U.S.C. § 2255, 28 U.S.C. § 2241, 18 U.S.C. § 3582, and 28 U.S.C. § 2254, as the options for challenging the effects of the federal detainer. (*Id*. p. 1-2).

A defendant may have a statutory right to counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, "whenever the court determines that the interests of justice so require, including when a defendant seeks relief under 28 U.S.C. §§ 2241, 2254,[3] or 2255.[4]" *United States v. Davis,* 400 Fed. Appx. 538, 539-540 (11th Cir. 2010) (citing 18 U.S.C. § 3006A(a)(2)(B)). Courts have generally found appointment of counsel necessary if there are due process concerns, or in the interests of justice if the legal issues are complex or if discovery or evidentiary hearings are required. *United States v. Davis,* 400 Fed. Appx. at 540; *Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985) ("This Circuit has recognized on a case-by-case evaluation that for certain individuals due process or the 'interests of justice' may require the appointment of a lawyer."); *Hines v. United States*, 2013 WL 1679269, *1-2 (S.D. Ala. Mar. 13, 2013) (denying appointment of counsel on a § 2255 motion upon a determination that the claims presented were "neither 'truly complex' nor 'legally subtle'" and "neither due process nor 'the interests of justice' require the appointment of counsel".); *Cross v. McDonough,* 2008 WL 780713 (N.D. Fla. Mar. 20, 2008) (denying appointment of counsel in a § 2254 action upon finding that the case was not complex and the issues were straightforward); *Jefferson v. Grondolsky"*, 2012 WL 5504869 (D. Mass. Nov. 9, 2012) (denying appointment of counsel in a § 2241 action upon finding that petitioner failed to show that the issues were factually and legally complex and that he was hampered in his ability to investigate the facts).

---

[3] 28 U.S.C.A. § 2254(h) (" . . . Appointment of counsel under this section shall be governed by section 3006A of title 18.").
[4] 28 U.S.C.§ 2255(g) (" . . . Appointment of counsel under this section shall be governed by section 3006A of title 18.").

Williams also lists 18 U.S.C. § 3582 as an option for challenging the effects of the detainer. Apparently,[5] Williams looks to subparagraph (c) which applies to modification of an imposed term of imprisonment, in hopes of modifying his federal sentence to run concurrent instead of consecutive to his first-imposed state sentence, thus alleviating the need for a federal detainer.[6] In that regard, the Eleventh Circuit has held that there is no mandatory or constitutional right to counsel in a § 3582(c)(2) proceeding. *United States v. Webb*, 565 F. 3d 789 (11th Cir. 2009). The circuit court also found "that 18 U.S.C. § 3006A(c) does not provide a statutory right to counsel at a § 3582(c)(2) motion or hearing" because "3582(c)(2) motions were not 'ancillary matters' under § 3006A(c)." *Id.* at 795. However, the courts have discretion to appoint counsel in a § 3582(c)(2) proceeding where "equitable concerns would make the appointment of counsel appropriate to ensure a just outcome." *Id.*, n. 4. Again, the appointment of counsel may serve the interests of justice where the issues are complex. *Id.*

While Williams has made reasonably clear that he wants to have the federal detainer removed, no proceeding under § 2241, § 2254, § 2255 or 18 U.S.C. § 3582 is pending before the Court. Instead, Williams asks the Court to appoint the Federal Defender to sort out which statute provides the basis for bringing his underlying claim. In that regard, "[i]t has not been held that there is any general obligation of the courts, state or federal, to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief ...."*Johnson v. Avery*, 393

---

[5] " Pro se filings ... are entitled to liberal construction." *Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000).

[6] Based upon the information before the Court, Williams' circumstance does not fit within the provisions of 18 U.S.C. § 3582(c). No motion has been filed by the Director of the Bureau of Prisons, there does not appear to be any express statutory permission to amend, the time period for modification under Rule 35 has long passed, and Williams was not "sentenced to a term of imprisonment based on a guideline range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)&(B), & § 3582(c)(2). *See also United States v. Clements,* 2006 WL 3924784 (M.D. Ala. Dec. 8, 2006) (finding that nothing in § 3582(c)

3

U.S. 483, 488, 89 S.Ct. 747 (1969); *Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir.1985) ("… there is no automatic constitutional right to representation in a federal habeas corpus proceeding.") (citing *Johnson v. Avery,* 393 U.S. at 488, 89 S. Ct. at 750)).  Instead, "the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." *Johnson v. Avery*, 393 U.S. 483, 488, 89 S.Ct. 747 (1969); *Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir.1985) ("… there is no automatic constitutional right to representation in a federal habeas corpus proceeding.").  Accordingly, upon consideration of the motion and for the reasons set forth herein, the motion for appointment of counsel is DENIED.

    DONE and ORDERED this the 1st day of April  2015.

        **s/ Kristi K. DuBose**
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**

---

provides a basis for modifying a judgment to allow a federal sentence to run concurrent with a state sentence).