**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action No. 77-00112-KD |
| ) | |
| ROBERT LEE WILLIAMS, a/k/a ) | |
| Robert Lee Whigham, # 144210 ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on the Motion for Fast and Speedy Disposition filed by Defendant Robert Lee Williams (doc. 4). Upon consideration, and for the reasons set forth herein, the Motion is DENIED, or alternatively, DISMISSED for lack of jurisdiction.

I. <u>Background</u>

In 1977, Williams pled guilty to the federal offense of possession of an unregistered firearm. On January 5, 1978, he was sentenced to a term of three years. His sentence was suspended and he was placed on probation for three years (doc. 1-1). His sentence was to run "consecutive to all state charges" and to commence upon his "release from state custody" (doc. 1-1). Williams was before this Court on a Writ of Habeas Corpus as Prosequendum; therefore, he was remanded back to state custody to serve his state sentence (doc. 1, p. 1).

The Court's docket is silent until October 15, 1986, when Williams' U.S. Probation Officer filed a Petition for Probation Action and warrant for Williams' arrest. Thus, at some point between January 1978 and October 1986, Williams completed his state sentence and began serving his federal probation sentence. On October 20, 1986, the Federal detainer warrant was entered in Williams' state court record (doc. 1, p. 6). The offense that gave rise to the Petition for Probation Action is not listed on the Federal docket. However, Williams' Inmate Summary indicates that on October 2, 1986, he was sentenced by the state court to life for murder, and on

June 16, 1986, he was sentenced by the state court to fifteen years for Burglary III (doc. 1, p. 6).[1] The Inmate Summary indicates that Williams would serve these sentences consecutively.

In March 1987, Williams was brought before this Court on a Writ of Habeas Corpus ad Prosequendum (doc. 1-1). On March 24, 1987, his probation was revoked and he was sentenced to serve a term of three years. The docket does not indicate whether the Federal revocation sentence would be served concurrent with or consecutive to Williams' state court sentences.

After sentencing, Williams returned to state custody. He is currently serving the state sentence of life,[2] which was imposed October 2, 1986. He is incarcerated at Fountain Correctional Facility in Atmore, Alabama (doc. 1, p. 6).

II. Analysis

Williams moves the Court for a "fast and speedy disposition" pursuant to the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. Williams states that an arrest warrant was issued in 1977 for his federal offense of possession of an unregistered firearm. He argues that his speedy trial rights have been violated because his "pending case is depriving [him] of entering rehabilitative programs". (Doc. 4, p. 2). He also asserts that this deprivation has violated his Due Process and Equal Protections rights under the Fourteenth Amendment. (Id.)

Williams pled guilty to this offense and was sentenced in 1978. He was also sentenced for the probation violation in 1986. Therefore, there is no "pending case" before this Court.

---

[1] The Inmate Summary also shows that on September 3, 1997, Williams was sentenced to fifteen years for Assault II, to be served concurrent with his other sentences.

[2] According to the Alabama Department of Corrections website, Williams has the possibility of parole.

2

Accordingly, Williams' Motion for Fast and Speedy Disposition is due to be denied.[3] *See Parris v. Warden, Limestone Corr. Facility*, 542 F. App'x 850, 852 (11th Cir. 2013) ("This right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the date of trial.") (citing *United States v. Knight*, 562 F.3d 1314, 1323 (11th Cir.2009)).

Also, Williams moves the Court to modify his sentence (doc. 4, p. 2-3). Specifically, Williams argues that his sentence should be modified to run "concurrent with all other cases whether federal or state to satisfy the Due Process clause of the Fourteenth Amendment." (Id.)[4] He argues that his federal sentence has been "imposed consecutive but not concurrent in order to hold [him] in limbo" and thus "depriving [him] from meaningful rehabilitative programs." (Id.)

The Court may modify a sentence in limited circumstances none of which are present here. Pursuant to Rule 35(a) of the Federal Rules of Civil Procedure, "a district court may, '[w]ithin 14 days after sentencing, ... correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a). This time limit is jurisdictional. *United States v. Floyd*, 711 F. App'x 558, 560 (11th Cir. 2017). Since the fourteen-day time period has long expired, the Court lacks jurisdiction under Rule 35(a) to modify the sentence. "Rule 36 allows a district court, after giving any notice it considers appropriate, to at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission. Fed. R. Crim. P. 36." *Id*. Modifying the sentence from consecutive

---

[3] Williams also cites to the Interstate Agreement on Detainers Act. However, that Act applies when there is a pending untried indictment, information or complaint as to which a detainer has been lodged against a prisoner, but not a detainer based on a probation violation. I.A.D., Art. III(a). *See Carchman v. Nash,* 473 U.S. 716, 726 (1985) ("from the language of the [IAD] … a detainer based on a probation-violation charge is not a detainer based on 'any untried indictment, information or complaint,' within the meaning of Art. III"); *Price v. Hetzel,* 2015 WL 915480 (M.D. Ala. Mar. 3, 2015) (same as applied to a parole violation).

[4] Williams argues that this Court has authority to modify his sentence pursuant to Alabama Rule of Criminal Procedure 26.12, Ala. Code § 14-4-9, and cases decided by the Alabama Supreme Court. However, the laws of the State of Alabama do not apply.

to concurrent would be a substantive alteration, and "Rule 36 may not be used to make substantive alterations to a criminal sentence" *Id*.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the district court may modify a sentence upon a motion of the Director of the Bureau of Prisons in limited circumstances set out in the statute. Also, pursuant to § 3582(c)(2), the district court may modify a sentence if a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). But the facts alleged do not show a basis for the application of these statutes.

Since no method for modification appears to be available to Williams, his motion is due to be denied or in the alternative, dismissed for lack of jurisdiction.

DONE and ORDERED this the 30th day of March 2018.

          **s/ Kristi K. DuBose**
          **KRISTI K. DuBOSE**
          **CHIEF UNITED STATES DISTRICT JUDGE**